UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**CHELSEA J. CRAWFORD**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>MDD_CJCChambers@mdd.uscourts.gov<br>(410) 962-4560 |

**LETTER ORDER AND OPINION**

Date:        April 29, 2025

To:          Counsel of Record

Subject:     *Man-U Service Contract Trust Fund v. Brooks & Brooks Services, Inc.*
             Case No. CJC-25-0933

Dear Counsel,

    The Court has reviewed the proof of service filed by Plaintiff Man-U Service Contract Trust Fund ("Man-U"), regarding service of this lawsuit upon Defendant Brooks & Brooks Services, Inc. ("B&B"), a Maryland corporation. *See* ECF No. 10. For the reasons explained below, service upon B&B was not effective and Man-U must make proper service by the deadline provided herein, or risk dismissal of its lawsuit.

    Federal Rule of Civil Procedure 4(h) governs service of process on a corporation. It provides that a domestic corporation, such as B&B, must be served within a judicial district of the United States in one of two ways. First, service may be effected "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) permits service under the law of the state where the district court is located. In Maryland, Rule 2-124(d) provides that service upon a corporation may be made by serving the corporation's resident agent, president, secretary, or treasurer. If service is made on an individual, the summons must clearly identify the capacity in which the individual is served. The second option for service upon a corporation is through delivery of a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

    Here, Man-U's proof of service is flawed in several respects. As an initial matter, Man-U filed two separate proofs of service, demonstrating that it attempted to serve B&B at two addresses: one in Hyattsville, Maryland and the other in Glendale, Maryland. Service was unsuccessful in Glendale because B&B did not reside at that address. However, it appears that Man-U delivered the summons to an individual at the Hyattsville location. That individual's relationship to B&B and their authority to accept service on behalf of B&B is unclear and thus represents the crux of this issue.

    The proof of service form indicates that Man-U personally served the summons on an individual by the name of Frances Alicea on March 26, 2025. The form provides no other information regarding Frances Alicea's capacity or authority to accept service on behalf of B&B.

Notably, Man-U did not complete the section of the proof of service form relating to service upon an organization, which allows for the affiant to identify the name of the individual accepting service and that individual's authority to accept service on behalf of the organization. At a minimum, the proof of service here should have indicated Frances Alicea's relationship to B&B, if any, including whether Frances Alicea is a resident agent, corporate officer, or any other person authorized to receive service of process.

Accordingly, Man-U is directed to cure the defect in service to comply with Federal Rule of Civil Procedure 4(h) and Maryland Rule 2-124(d). Man-U may amend its proof of service to provide the information identified above, or attempt service again. The deadline for Man-U to do so is June 20, 2025. Failure to effect proper service may result in dismissal of this lawsuit under Federal Rule of Civil Procedure 4(m).

Despite the informal nature of this letter, it constitutes an Order of the Court and shall be docketed as such.

Sincerely,

/s/

Chelsea J. Crawford
United States Magistrate Judge